UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID ACEVEDO, SONIA ACEVEDO and
ERASMO ACEVEDO,

                        Plaintiffs,                                **COMPLAINT**

           -against-                                        Jury Trial

KENNY MALDONADO and KENAN AKAYDIN,

                        Defendants.
-------------------------------------------------------------------X

        Plaintiffs DAVID ACEVEDO, SONIA AVEVEDO and ERASMO ACEVEDO by and through their attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

## PRELIMINARY STATEMENT

        1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

        2.     The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States and New York Constitutions.

        3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiffs are citizens of the United States, and at all relevant times were residents of the County of Bronx, City and State of New York.

7. The Individual Defendants are officers who acted under the color of state law.

8. They are sued in their individual, supervisory and official capacities.

## FACTS

9. On May 7, 2014, around 8 p.m., as Plaintiff Sonia cooked dinner for her husband David and her brother-in-law Erasmo and prepared their minor children aged (6, 5 and 1 year old) for bed, plaintiffs David and Erasmo were in the hallway outside of their apartment.

10. As they waited for the dinner to be prepared and the children to go to bed, they heard the elevator door on their floor open.

11. As they peeked from the corner of their hallway, they observed a male within his gun drawn coming out of the elevator.

12. Fearing for their safety, the brothers ran towards their apartment.

13. Unbeknownst to them the individual with the gun was defendant Maldonado who was accompanied by defendant Kenan.

14. Both defendants chased the brothers as they went inside their apartment and attempted to close their front door.

15. However, Maldonado and Kenan kicked the plaintiffs' front door and forcibly entered the apartment.

16. Neither plaintiffs had committed a crime or were observed committing a crime.

17. Defendants entered their apartment, refused to leave and made all plaintiffs and the infants inside the apartment scared and hysterical.

18. Defendants refused to leave the apartment which they had unlawfully entered.

19. Defendants then falsely arrested the brothers and false charged them with a felony and three misdemeanors.

20. Both plaintiffs were taken to the 41st precinct, strip-searched and held in custody for more than 40 hours before they were released.

21. During this incident and prior incidents, defendants falsified paperwork.

### AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful search and seizure/false arrest/excessive force/unlawful entry)

22. Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

23. Defendants entered plaintiffs' apartment without a warrant, without consent and without any exigent circumstances.

24. Defendants' warrantless entry into plaintiffs' apartment was an unlawful entry.

25. After the unlawful entry, defendants wrongfully arrested Plaintiffs David and Erasmo and caused undue and unnecessary distress to these plaintiffs, plaintiff Sonia and the three minor children.

26. Plaintiffs David and Erasmo suffered injuries when they were yanked and thrown in front of their nieces and children and injured their wrists when defendants tightened the handcuffs placed on Plaintiffs.

27. Plaintiffs David and Erasmo were taken to the 41st and were strip-searched without any just cause.

28. Plaintiffs spent over 35 hours in jail.

29. As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional right to be free from excessive force, unlawful entry, search and seizure were violated.

### AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

31. Defendants fabricated probable cause and detained Plaintiffs.

32. Defendants then arrested Plaintiffs and transported them to the 41st precinct and strip-searched them.

33. The false and fabricated charges denied Plaintiffs the right to a fair trial or a hearing. There was no evidence, reason or plausible reason to charge plaintiffs David and Erasmo with outlandish charges.

34. Defendants have trumped up false and fabricated charges against the plaintiffs in the past simply to harass and intimidate them.

35. As a result of defendants' conduct, Plaintiffs suffered injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Supervisory* Liability)

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

37. Defendant Kenan was a sergeant and defendant Maldonado's supervisor on the date of the incident.

38. In his supervisory capacity, defendant Kenan had an obligation to control his subordinate who was engaged in unlawful activity.

39. Instead of admonishing Maldonado for his unlawful actions, defendant Kenan failed to review and screen the arrest for propriety and simply signed off on the arrest and the false charges against plaintiffs David and Erasmo.

40. Defendant Kenan through his actions and inactions, or failing to discipline Maldonado, Kenan ratified and tacitly approved Maldonado's conduct and is therefore liable as a supervisor for the constitutional violations suffered by Plaintiffs as alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene)

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Defendant Kenan was the supervisory officer on the scene.

43. Kenan witnesses Maldonado enter the plaintiffs' residence without a warrant.

44. Kenan had sufficient opportunity to intervene and inform Maldonado about his unlawful conduct.

45. Instead Kenan stood by and allowed Maldonado to enter the apartment and engage in unlawful conduct.

46. Because Kenan failed to intervene, plaintiffs suffered constitutional injuries.

**WHEREFORE**, Plaintiffs demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for each Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 9, 2016

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:
Robert Blossner, Esq. (RB0526)
Vik Pawar, Esq. (VP9101)
*Attorneys for Plaintiffs*